UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE POLANCO DIAZ, | No. 2:21-cv-1583 KJN P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| BURTON, ET AL., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court

each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

In his first claim, plaintiff alleges that in February of 2021, at California Health Care Facility, Stockton, he was interviewed by Rabbi Ferris, who asked several key questions concerning Jewish traditions, which plaintiff successfully answered. Despite this fact, Rabbi Ferris and RRC Designee K. Petersen discriminated against plaintiff due to his Hispanic background resulting in the denial of a kosher diet. Plaintiff claims he demonstrated his sincere engagement to Jewish commitment, and contends such defendants failed to show "their burden of persuasion for denying Diaz [a] kosher diet, and . . . whether their practice is the least restrictive means for furthering a compelling governmental interest."  (ECF No. 1 at 3.)

In his second claim, plaintiff alleges the violation of his First Amendment right to freely exercise his religion. Plaintiff renews his claims against Ferris and Petersen, and claims that "all staff" are guilty of covering up plaintiff's rights because they knew that denying plaintiff a kosher diet violated his First Amendment rights. Liberally construed, plaintiff claims that the denial of a kosher diet substantially burdened the practice of his religion.

In claim three, plaintiff alleges a violation of his Fourteenth Amendment rights by CDCR staff denying plaintiff access to religion, depriving plaintiff of life, liberty and property without due process, and denying him equal protection of the laws.

As injuries for all three claims, plaintiff alleges discrimination, violation of human given rights and denial of his constitutional rights. Plaintiff seeks an order requiring the CDCR to provide plaintiff a kosher Jewish diet, money damages, and court fees and expenses.

Discussion

The court reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable First Amendment claims and claims brought under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C.

§ 2000cc, against defendants Rabbi P. Ferris and RRC Designee K. Petersen. See 28 U.S.C. § 1915A.

Deficient Claims

For the reasons stated below, the court finds that the complaint does not state a cognizable claim against the remaining defendants and does not state cognizable Fourteenth Amendment claims. Such claims are hereby dismissed with leave to amend.

Fourteenth Amendment Claim

Plaintiff's Fourteenth Amendment claims are too vague and conclusory to determine whether plaintiff can state a valid claim. Plaintiff identifies no named defendant in conjunction with this claim, so also fails to connect a specific violation to a particular defendant. Rather, plaintiff simply refers to "CDCR staff." This is insufficient. Moreover, plaintiff's earlier allegations that certain defendants failed to provide a kosher diet are governed by RLUIPA and the First Amendment.

Plaintiff, who is Hispanic, repeatedly refers to "racial discrimination" throughout his pleading. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)). "Prisoners are protected under the Equal Protection Clause from invidious discrimination based on race." Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003) (internal quotation and alteration omitted). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Id. "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994).

Plaintiff's conclusory allegation that he suffered racial discrimination fails to state a cognizable equal protection claim. Liberally construed, the complaint alleges that defendants Ferris and Petersen failed to provide a kosher diet. Absent facts not alleged here, such actions do

4

not describe treatment motivated by race or treatment different from other similarly situated inmates. Because plaintiff may be able to cure this deficiency, the plaintiff is granted leave to file an amended complaint. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (citation and internal quotation marks omitted); see also Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (leave to amend "should be granted more liberally to pro se plaintiffs") (citation omitted).

No Specific Charging Allegations

Despite naming Warden R. Burton, H. Moseley, and Warden J. Lynch as defendants, plaintiff included no charging allegations as to each.

To state a cognizable claim under § 1983, a plaintiff must set forth facts demonstrating: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Here, plaintiff fails to allege facts demonstrating that either warden was personally involved, causally connected, or even aware that plaintiff's request for a kosher diet was denied.

Defendant H. Moseley is identified as the Chief of Appeals. Even assuming defendant

Moseley was involved by addressing one of plaintiff's administrative appeals, it is unclear whether plaintiff can allege facts stating a cognizable claim under these circumstances. Prisoners have no Fourteenth Amendment liberty interest in a right to appeal adverse decisions by prison authorities. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."). In Ramirez v. Galaza, 334 F.3d at 860, the Ninth Circuit confirmed that a prisoner may not challenge an administrative disciplinary appeals process on Due Process grounds, confirming that "inmates lack a constitutional entitlement to a specific prison grievance procedure." Id.

Plaintiff's Options

Plaintiff may proceed forthwith to serve defendants Ferris and Petersen and pursue his claims against only those two defendants or he may delay serving any defendant and attempt to state a cognizable claim against the remaining defendants.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the remaining defendants, he has thirty days in which to do so. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Ferris and Petersen, against whom plaintiff stated a potentially cognizable claim for relief, then within thirty days he must elect such option on the appended form. In this event the court will construe plaintiff's election as consent to dismissal of all claims against the remaining defendants, as well as the Fourteenth Amendment claims, without prejudice.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who

1 personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
2 Johnson v. Duffy, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional
3 right if he does an act, participates in another's act or omits to perform an act he is legally
4 required to do that causes the alleged deprivation).

5      A district court must construe a pro se pleading "liberally" to determine if it states a claim
6 and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an
7 opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are
8 not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere
9 conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp., 550
10 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim
11 to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550
12 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

18 Iqbal, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can
19 provide the framework of a complaint, they must be supported by factual allegations, and are not
20 entitled to the assumption of truth. Id. at 1950.

21      An amended complaint must be complete in itself without reference to any prior pleading.
22 Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)
23 ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-
24 existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original
25 pleading is superseded.

26      Accordingly, IT IS HEREBY ORDERED that:
27     1. Plaintiff's request for leave to proceed in forma pauperis is granted.
28     2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants R. Burton, H. Moseley, and J. Lynch, as well as plaintiff's putative Fourteenth Amendment claims are dismissed with leave to amend.  Plaintiff may amend his complaint to attempt to state cognizable claims against such defendants, and to state a cognizable Fourteenth Amendment claim.  If plaintiff chooses to amend and delay service of process, within thirty days from the date of this order, plaintiff shall make such election on the appended form and return it to the court, along with his proposed amended complaint.  Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient to state a potentially cognizable claim against defendants P. Ferris and K. Petersen.  See 28 U.S.C. § 1915A.  If plaintiff chooses to proceed solely as to his RLUIPA and First Amendment claims against defendants P. Ferris and K. Petersen, within thirty days from the date of this order, plaintiff shall make such election on the appended form and return it to the court.  At that time, the court will order the United States Marshal to serve process pursuant to Fed. R. Civ. P. 4.  Defendants P. Ferris and K. Petersen will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants R. Burton, H. Moseley, and J. Lynch, and to dismiss plaintiff's putative Fourteenth Amendment claim without prejudice.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  January 20, 2022

/diaz1583.14o

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE POLANCO DIAZ, | No. 2:21-cv-1583 KJN P |
| Plaintiff, | |
| v. | NOTICE OF ELECTION |
| BURTON, ET AL., | |
| Defendants. | |

Pursuant to the court's order issued in January, 2022, plaintiff makes the following election.

1. _____ Plaintiff elects to proceed forthwith with his claims against defendants P. Ferris and K. Petersen, and

_____ Plaintiff consents to the dismissal of his claims against defendants R. Burton, H. Moseley, and J. Lynch, and his Fourteenth Amendment claims

**OR**

2. _____ Plaintiff opts to file an amended complaint and delay service of process.

_____ Plaintiff's proposed amended complaint is appended.

DATED:

_____
Plaintiff