1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FELIPE POLANCO DIAZ,                    No.  2:21-cv-1583 KJN P

12                  Plaintiff,

13        v.                                 ORDER

14   BURTON, et al.,

15                  Defendants.

16

17        Plaintiff is a pro se state prisoner who seeks relief pursuant to 42 U.S.C. § 1983.  On

18   March 7, 2022, plaintiff filed a motion for emergency preliminary injunction and restraining

19   order.  (ECF No. 13.)  Due to the pleading deficiencies identified below, plaintiff's motion is

20   denied without prejudice.

21   I.  Plaintiff's Amended Complaint

22        This action proceeds on plaintiff's amended complaint against defendants P. Ferris and E.

23   Petersen at California Health Care Facility ("CHCF"); plaintiff alleges defendants violated his

24   First Amendment right to freedom of religion by refusing to provide plaintiff with a kosher diet at

25   CHCF.

26   II.  Governing Law

27        A temporary restraining order preserves the status quo before a preliminary injunction

28   hearing may be held; its provisional remedial nature is designed only to prevent irreparable loss

1   of rights prior to judgment.  Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto

2   Truck Drivers, 415 U.S. 423, 439 (1974).  The standards for both forms of relief are essentially

3   the same.  See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir.

4   2001)("Because our analysis is substantially identical for the injunction and the TRO [temporary

5   restraining order], we do not address the TRO separately.").

6          "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter

7   v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citations omitted); Epona v.

8   Cty. of Ventura, 876 F.3d 1214, 1227 (9th Cir. 2017).  The party seeking a preliminary injunction

9   must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable

10  harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

11  injunction is in the public interest."  Winter, 555 U.S. at 20 (citations omitted); see also American

12  Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting

13  Winter, 555 U.S. at 20); Fed. R. Civ. P. 65 (governing both temporary restraining orders and

14  preliminary injunctions).  An injunction may only be awarded upon a clear showing that the

15  plaintiff is entitled to relief.  See Winter, 555 U.S. at 22 (citation omitted).  Also, an injunction

16  against individuals not parties to an action is strongly disfavored.  See Zenith Radio Corp. v.

17  Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a

18  judgment . . . resulting from litigation in which he is not designated as a party. . . . ").

19         Further, a plaintiff seeking preliminary injunctive relief must demonstrate a sufficient

20  nexus between the injury claimed in the motion and the conduct asserted in the underlying

21  complaint.  Pacific Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th

22  Cir. 2015).  "The relationship . . . is sufficiently strong where the preliminary injunction would

23  grant relief of the same character as that which may be granted finally."  Id. (quotation marks

24  omitted).  "Absent that relationship or nexus, the district court lacks authority to grant the relief

25  requested."  Id.; see Saddiq v. Ryan, 703 F. App'x 570, 572 (9th Cir. 2017) (unpublished)

26  (affirming denial of preliminary injunction because the prisoner did not establish a nexus between

27  the claims of retaliation in his motion and the claims set forth in his complaint).

28  ////

2

III.  Plaintiff's Motion

Since plaintiff filed the instant action, he was transferred back to California State Prison, Sacramento ("CSP-SAC").  Plaintiff now seeks a preliminary emergency injunction ordering defendants to "cease their deliberate violations and threats" (ECF No. 13 at 2), including denying plaintiff law library access, ability to photocopy, retaliation, and threatening the safety of plaintiff and his personal property (ECF No. 13-1 at 1).  Inmate Gray witnessed Correctional Officer Courter tell plaintiff:  "[i]f you don't want to be here gas me and I'll beat your ass and take you to ad-seg."  (ECF No. 13-1 at 23.)  Plaintiff claims he was transferred to moot his underlying claims, and despite his objections that he faces safety concerns at CSP-SAC.  (ECF No. 13-1 at 5-7.)  Plaintiff also alleges he was falsely charged with indecent exposure with masturbation on February 5, 2022, and that the rules violation report was later switched and Correctional Officer Leon included previously unreported details, arguably at the behest of Courter.  Plaintiff also includes allegations that he was denied law library access and supplies needed to comply with court-ordered deadlines in this action.

In addition, plaintiff seeks a declaration that the acts and omissions described violate his constitutional rights, and seeks payment of $25,000 under Rule 37(a) "as a low expense for obtaining this order."  (ECF No. 13 at 3.)  Plaintiff claims he will continue to be irreparably injured by the conduct of the defendants unless this court grants this emergency preliminary injunction and allows him a fair chance to exhaust administrative remedies.  (ECF No. 13 at 2), citing Jackson v. District of Columbia, 254 F.3d 262 (D.C. Cir. 2001).

IV.  Discussion

First, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").  The court may not attempt to determine the rights of persons not before it.  See, e.g., Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983).  Pursuant to Federal Rule of Civil

Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

The instant action proceeds solely on plaintiff's claims that defendants Ferris and Petersen denied plaintiff a kosher diet at CHCF. In the caption of the instant motion, plaintiff lists Warden J. Lynch, Librarian A. Hubbard, Correctional Officers Courter and M. Leon, and "Ad-Seg staff/PSU Staff" as defendants, all employed at CSP-SAC. None of those individuals are named as defendants in this action. Therefore, this court has no personal jurisdiction over such individuals.

Second, there is no relationship between the denial of a kosher diet by defendants Ferris and Petersen and the varied claims and injuries raised in the instant motion.[1] "[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying claim." Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015). In addition, the relief sought differs. In this action, plaintiff seeks a kosher diet and money damages; in his motion, plaintiff seeks, inter alia, an order separating him from Correctional Officers Courter and Leon, as well as precluding his housing at CSP-SAC. (ECF No. 13-1 at 15.) Because there is no relationship between plaintiff's underlying allegations and the instant motion, the motion must be denied.

---

[1] In any event, allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). Nor are allegations of mere threats cognizable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result). Similarly, inmates do not have a right to be housed in any particular prison. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (conviction sufficiently extinguishes prisoner's liberty interest and empowers the state to confine him in any of its prisons; no liberty interest protect by the Due Process Clause is implicated in a prison's reclassification and transfer decisions).

1       Third, to the extent plaintiff seeks a temporary restraining order without notice upon an

2 adverse party, he cannot prevail because his submission fails to set out "specific facts in an

3 affidavit or a verified complaint . . . [which] clearly show that immediate and irreparable injury,

4 loss, or damage will result . . . before the adverse party can be heard in opposition."  Fed. R. Civ.

5 P. 65(b)(1)(A); Rizzo v. Goode, 423 U.S. 362, 378 (1976) ("it has long been held that an

6 injunction is 'to be used sparingly, and only in a clear and plain case.'").  While plaintiff's motion

7 is verified, plaintiff fails to demonstrate he is at risk of immediate and irreparable injury.  Plaintiff

8 claims he expressed safety concerns about being housed at CSP-SAC, but he failed to explain the

9 nature of such concerns.  In addition, in order to obtain injunctive relief, plaintiff is required to

10 address each element under Winter.  Plaintiff provides no facts demonstrating he is likely to

11 succeed on the merits of this action, that the balance of equities tips in his favor, or that an

12 injunction is in the public interest.  Although he states that he will be irreparably injured by the

13 defendants' conduct, plaintiff fails to provide specific facts demonstrating he is at risk of

14 imminent harm.  Because plaintiff fails to address all of the elements under Winter, his motion is

15 denied without prejudice.

16       Fourth, as to plaintiff's access to the courts claim,[2] the record demonstrates that plaintiff

17 was able to file an amended complaint with exhibits.  (ECF No. 12.)  Indeed, on March 8, 2022,

18 the undersigned screened the pleading and ordered service on defendants Ferris and Petersen.  In

19 addition, plaintiff was able to file the instant motion.  Plaintiff fails to demonstrate an actual

20 injury as required under Lewis, 518 U.S. at 349.

21

22 [2] Prisoners have a constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346
(1996); Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on other grounds by Lewis,
23 518 U.S. at 354.  The right of access to the courts is limited to non-frivolous direct criminal
appeals, habeas corpus proceedings, and § 1983 actions.  See Lewis, 518 U.S. at 353 n.3, 354-55.
24 In order to frame a claim of a denial of the right to access the courts, a prisoner must establish that
he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine.
25 Lewis, 518 U.S. at 349.  An "actual injury" is "actual prejudice with respect to contemplated or
existing litigation, such as the inability to meet a filing deadline or to present a claim."  Lewis,
26 518 U.S. at 348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d
1152, 1155 n.1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had
27 been frustrated' is fatal" to a claim for denial of access to legal materials) (citing Lewis, 518 U.S.
at 353 & n.4).
28

Fifth, plaintiff's request for payment of $25,000.00 is not supported by Rule 37(a) of the Federal Rules of Civil Procedure, which governs the failure of parties to cooperate in discovery. Id.  Moreover, plaintiff fails to demonstrate he has incurred such expenses in bringing this motion.

Sixth, to the extent plaintiff is attempting to obtain a court order relieving him of his obligation to exhaust administrative remedies prior to filing a federal court action, such relief is unavailable.  Exhaustion of available administrative remedies is mandatory, and the Supreme Court stated that such "mandatory language means a court may not excuse a failure to exhaust." Ross v. Blake, 578 U.S. 632, 639-40 (2016).[3]  Because proper exhaustion is necessary, a prisoner cannot satisfy the exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal.  See Woodford, 548 U.S. at 90-93.  "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [] - rules that are defined not by the PLRA, but by the prison grievance process itself."  Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88.  See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'") (quoting Jones, 549 U.S. at 218).

All of the incidents alleged in the motion took place in February of 2022, and aside from the initial transfer from CHCF, took place at CSP-SAC.  The undersigned observes that plaintiff's motion is more akin to a new civil rights complaint against new defendants at CSP-SAC rather than a motion for injunctive relief against individuals named as defendants in this action.  But

---

[3]  The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  Proper exhaustion of available remedies is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]"  Woodford v. Ngo, 548 U.S. 81, 90 (2006).  The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement.  See Booth, 532 U.S. at 741 n.6; Ross v. Blake, 578 U.S. at 639-40.

1    under California prison regulations,[4] plaintiff must file separate grievances concerning his

2    challenge to his transfer, the rules violation report, and his allegations that certain prison staff

3    failed to protect plaintiff from harm, and any other distinct incident, in order to exhaust his

4    administrative remedies.  Plaintiff's motion makes clear that plaintiff has not exhausted such

5    remedies.  Thus, the undersigned declines to construe plaintiff's filing as a new complaint.

6    However, the Clerk is directed to return the original filing to plaintiff because he was unable to

7    photocopy one for his records, and because he may need the document or its exhibits to file a new

8    civil rights complaint once he has exhausted his administrative remedies.  The court retains the

9    electronic copy of such filings.

10            For all of the above reasons, plaintiff's motion is denied without prejudice.

11   V.  Conclusion

12           Accordingly, IT IS HEREBY ORDERED that:

13           1.  Plaintiff's motion (ECF No. 13) is denied without prejudice; and

14           2.  The Clerk of the Court is directed to return the original of plaintiff's motion and

15   exhibits (ECF No. 13 and 13-1) to plaintiff.

16    Dated:  March 10, 2022

17

18                                                                KENDALL J. NEWMAN
     /diaz1583.tro.pi                                     UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24   _____

25   [4]  Since June 1, 2020, the California prison grievance system has two levels of review.  Cal. Code
     Regs. tit. 15, §§ 3483, 3486.  "Completion of the review process by the Office of Appeals
26   resulting in a decision of 'denied,' 'granted,' 'no jurisdiction,' 'identified as staff misconduct,'
     'pending legal matter,' or 'time expired' in accordance with subsections (g)(1) through (g)(3) and
27   (g)(8) through (g)(10) of this section constitutes exhaustion of all administrative remedies
     available to a claimant within the department."  Cal. Code Regs. tit. 15, § 3485(l).

28

                                                    7